LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant guilty of an assault in the first degree as charged in an indictment pursuant to Criminal Code 13A— 6-20(a)(l), which provides:
“A person commits the crime of assault in the first degree if:
“With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument.”
The indictment further alleged that the deadly weapon or dangerous instrument was a knife.
By § 13A-6-20(b) an assault in the first degree is a Class B felony, and by # 13A— 5-6(a)(2), a Class B felony is punishable by imprisonment for “not more than 20 years or less than 2 years.” The trial court fixed defendant’s punishment at imprisonment for 18 years.
*811 Appellant contends that the evidence was insufficient to sustain the conviction, which point was raised by defendant in his motion to exclude the State’s evidence at the close of the State’s case and again by defendant’s motion for a new trial.
The undisputed evidence shows that defendant stabbed the alleged victim, Glen Holliday, with a knife, in Holliday’s abdomen, stabbed him a second time in the chest and a third time in the back, and that Holliday was running from defendant at the time and place of the second and third stabbings. Holliday was promptly taken to the hospital with several loops of small intestine hanging out of his body. Surgery was necessarily performed on him, and he remained in the hospital for about ten days. Both Holliday and defendant were working at the time with Diamond Rubber Products Company; Holliday’s position was that of supervisor over a group of employees, including the defendant.
According to the testimony of Holliday, which was corroborated in most respects by the testimony of other eyewitnesses, an argument ensued between Holliday and defendant culminating in the attack by the defendant on Holliday, in which defendant, with his knife in his hand, chased Holliday a considerable distance in the plant until Hol-liday collapsed. The defendant testified in effect that he believed that Holliday had a gun or a knife, or both, on him at the time, that he knew Holliday was a gunsmith, that he had seen him with guns and had seen him with knives, that he was afraid of being killed by Holliday and that, because of what he feared and thought, he committed an assault upon Holliday with defendant’s knife.
There is no merit in appellant’s contention that the evidence was insufficient to support the verdict. There is little, if any, evidence to support defendant’s defense of self-defense; except for the testimony of defendant there is no evidence of any of the essential elements of self-defense. At any rate, defendant was entitled to no more than a determination by the jury of the issue. See West’s Alabama Digest, Assault and Battery, Key No. 67.
The only other contention of appellant is that the trial court committed reversible error in allowing testimony as to the “ages” of Mr. Holliday’s children. The contention is based upon the following portion of the transcript in the first part of the direct examination of Mr. Holliday:
“Q. State your name, please, sir.
“A. Glen Holliday.
“Q. And where do you live, Mr. Holli-day?
“A. I live at Maylene, Route 1. Just across the line of Shelby County.
“Q. All right, sir. How old are you?
“A. Sir?
“Q. How old are you?
“A. Forty-nine.
“Q. And are you married?
“A. Yes, sir.
“Q. Do you have any children?
“A. Yes, sir.
“Q. How many children do you have?
“A. Two.
“Q. What are their ages?
“MR. ANDREWS: Judge, I object to this. I don’t see the relevance.
“THE COURT: Overruled.
“Q. (By Mr. Earnest:) You can answer.
“A. My son is 22 and my daughter is deceased. She got killed in an automobile accident.
“Q. Mr. Holliday, are you employed anywhere?
“A. Yes, sir. Diamond Rubber Products.”
 We agree with appellant that the ages of the children of the witness-victim were not relevant to any issue in the case, but as the witness had answered, without objection, the question as to how many children he had, we see little validity, if any, in any objection as to the ages of the children. It is to be noted that the answer of the witness went beyond the question asked when the witness said that his deceased daughter “got killed in an automobile accident.” However, there was no motion to exclude such evidence. We are not per *812 suaded that prejudicial error occurred in overruling defendant’s objection to the question, “What are their ages?” As this was in the preliminary phase of the witness’ testimony, it comes within the principle that such a question “is usually permissible if advisable in the sound discretion of the trial court.” Hunt v. State, 248 Ala. 217, 27 So.2d 186 (1946). In Sheperd v. Gardner Wholesale, Inc., 288 Ala. 43, 46, 256 So.2d 877 (1972), a somewhat similar question was presented, and the court quoted with approval 98 C.J.S. Witnesses § 344, p. 56:
“. . . Questions to a witness directed toward aiding the jury in setting a proper estimate on his testimony are preliminary in their nature and, as a general rule, may be properly asked, as, for example, questions which relate to the age of the witness, his residence, his occupation, and his condition in life. . . . ”
In the introductory or preliminary phase of the testimony of a witness, a trial judge cannot be expected to be as cognizant of what may be a link in a chain of relevant testimony as he would ordinarily be expected to be when he has heard a large part of the testimony of the witness. In this connection, it is to be noted that there was a substantial difference between the age of the victim and the age of the defendant, the defendant being only 28 years of age at the time of the trial, which is shown in the preliminary phase of his testimony in the answer he gave to the third question that was asked him by his counsel.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.